FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 0 6 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00362-BNB

ISMAEL ARENAS GONZALES,

    Plaintiff,

v.

[NO NAMED DEFENDANT],

    Defendant.

## ORDER OF DISMISSAL

Plaintiff, Ismael Arenas Gonzales, initiated this action by filing *pro se* a document he labeled as a complaint. The Court reviewed the document and determined it was deficient. Therefore, on February 22, 2011, Magistrate Judge Boyd N. Boland directed the clerk of the Court to commence a civil action and directed Mr. Gonzales to cure certain enumerated deficiencies in the case within thirty days if he wished to pursue his claims.

The February 22 order pointed out that Mr. Gonzales must file on the proper, Court-approved forms a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a Prisoner Complaint. He also was directed to submit a certified copy of his trust fund account statement for the six-month period immediately preceding this filing obtained from the appropriate prison official. Subsection (a)(2) of 28 U.S.C. § 1915 requires submission of "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate

official of each prison at which the prisoner is or was confined." The February 22 order and the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 note this requirement. The order warned Mr. Gonzales that if he failed to cure the designated deficiencies within thirty days, the purported complaint and the action would be dismissed without prejudice and without further notice.

On February 28, 2011, the copy of the February 22 order to cure mailed to Mr. Gonzales was returned to the Court as undeliverable. On March 1, 2011, Magistrate Judge Boland entered a minute order directing the clerk of the Court to remail to Mr. Gonzales at his current address a copy of the February 22 order to cure, and allowing Mr. Gonzales thirty days to cure the deficiencies listed in the February 22 order. On March 9, 2001, the copy of the March 1 minute order mailed to Mr. Gonzales was returned to the Court as undeliverable.

Mr. Gonzales has failed within the time allowed to cure the designated deficiencies, comply with D.C.COLO.LCivR 10.1M. by providing a notice of change of address within five days after any change of address, or otherwise to communicate with the Court in any way. The purported complaint and the action will be dismissed without prejudice for failure to cure the designated deficiencies as directed within the time allowed.

Accordingly, it is

ORDERED that the complaint and the instant action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, Ismael Arena Gonzales, to comply with the directives of the February 22, 2011, order to cure, and for his failure to prosecute.

DATED at Denver, Colorado, this  6th  day of  April , 2011.

BY THE COURT:

 s/Lewis T. Babcock 
LEWIS T. BABCOCK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00362-BNB

Ismael Avenas Gonzales
Reg No. 32780-013
Jefferson County Detention Facility
PO Box 16700
Golden, CO 80402

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on April 6, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk